The Club Aluminum Company, for the use of Donald P. Frazier, Appellee, v. The American Indemnity Company, Appellant.

Gen. No. 39,094.

Opinion filed May 19, 1936. Rehearing denied June 2, 1937.

JONES, KEY & CHAPMAN, of Chicago, for appellant.

SHEARER, O'MALLEY & SEARS, of Aurora, for appellee; BARNABAS F. SEARS and RICHARD E. KEOGH, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the defendant garnishee from a judgment entered in favor of the plaintiff for the use of Donald P. Frazier in the sum of $10,666.66.

From the facts it appears that sometime prior to May 5, 1931, the American Indemnity Company, a corporation, having its principal place of business in Galveston, Texas, issued a special form of insurance policy to The Club Aluminum Company, also a corporation. About August 1, 1930, the firm of Marsh & McLennan requested an insurance policy issued to The Club Aluminum Company, with a special indorsement which they themselves had prepared, from Hodgkinson & Durfee, who were brokers for several insurance companies, including the defendant, which request was accepted by Hodgkinson & Durfee on behalf of the defendant company. The policy was to protect The Club Aluminum Company from liability and damages caused by any of its salesmen while operating an automobile in pursuit of the company's business. Because the salesmen were supposed to spend nearly all of their time demonstrating the company's products in the homes of prospective customers, a very low premium was agreed upon, viz., $3 per salesman per year to cover property damage and public liability. The ordinary rate at the time this policy was issued on a small car was $16 to $18 a year per salesman. It was the only policy ever issued by the American Indemnity Company at that low rate and in that form. Among the provisions contained in the policy is the following:

"In the event of any accident . . . it shall be the duty of the assured to report all circumstances surrounding such accident to the Company at its Head Office as soon as the assured has any knowledge or reason to believe that the assured is involved or likely to become involved in any claim made by any third party or interest."

The accident to the plaintiff occurred on May 5, 1931, by the operation of a car driven by W. L. Clark, who was manager of the Aurora office of The Club Aluminum Company. Clark was driving his car to Chicago to attend a sales meeting.

Donald P. Frazier in seeking to recover damages filed a suit first in Cook county and later in Will county, against The Club Aluminum Company, and W. L. Clark. The suit instituted in Will county was dismissed.

It appears from the evidence that a Mr. Corbett, an employee of The Club Aluminum Company, knew the plaintiff had been seriously injured and that he called up Marsh & McLennan, who handled the insurance for The Club Aluminum Company, the morning after the accident, and also wrote to them.

As we view the record, the issue is as to whether the defendant garnishee was properly given notice of the accident at the time of its occurrence, and in order to establish that such notice was given, Edward Seeber, an employee of Marsh & McLennan, was called as a witness, and testified that he had received a written notice of the accident from The Club Aluminum Company on May 7, 1931; that he thereupon dictated a letter addressed to Hodgkinson & Durfee, who were the general agents of the defendant, the American Indemnity Company, and put this letter on the mailing desk for signature, but never saw the letter thereafter. A carbon copy of this letter dated May 7, 1931, from Marsh & McLennan, the insurance brokers for the plaintiff, to

Hodgkinson & Durfee, who were the insurance brokers at that time for the defendant garnishee, was admitted in evidence.

It also appears from the record that the files of Hodgkinson & Durfee, the agents, had been destroyed, and to show the sending of said letter, the plaintiff offered in evidence Marsh & McLennan's office copy thereof; that the custom prevailing at this time of delivering letters to persons in the Insurance Exchange Building, Chicago, and used by Marsh & McLennan and the agent of the defendant, was what was known as the Clearing House System. This system was used by Marsh & McLennan, and mail for anyone in the Insurance Exchange Building was taken over to a receiving box in its office. The time it was received at the box was marked, and from there it was delivered by the messengers of the Clearing House System to the various parties in the Insurance Exchange Building. Marsh & McLennan, in turn, picked up deliveries for their office from this receiving box. Mr. Seeber, who wrote the letter, testified he did not type the letter, he dictated it to a stenographer. She brought it back to him, he read it and passed it to the mailing desk for signature. This mailing desk is in the center of the room and the mail in Seeber's department is signed by one party. Seeber stated he put that letter on this table for delivery, and never saw it any more and does not know what happened to it after that. The letter in question was addressed, attention of "Mr. Durfee" and when he was called as a witness he testified that he could not recall whether he had ever seen the original of that letter or not. When he was called as a witness for appellant, he stated he had never seen the original of that letter, and denied that he had stated he did not recall whether he had seen it before.

The record also shows that all mail coming into the office of Hodgkinson & Durfee was first opened by a Mr.

Walker. If it came to the attention of Mr. Durfee, Mr. Walker would take it to his, Mr. Durfee's, desk. Mr. Walker was not produced as a witness for appellant and no effort was made to account for his absence. Only Mr. Durfee and Miss Goodman testified as to the receipt of this letter by Hodgkinson & Durfee. Mr. Durfee testified as above indicated. Miss Goodman stated that she could not tell whether the letter ever came into the office of Hodgkinson & Durfee or not.

It also appears from the evidence that at this time a claim department of the American Indemnity Company was maintained and in charge of Jones & Key, the attorneys who now represent the insurance company on this appeal, and the practice of Hodgkinson & Durfee when receiving accident reports of this nature was to call Mr. Jones of that firm on the telephone.

The injury suit of Mr. Frazier against The Club Aluminum Company arising out of the accident of May 5, 1931, was filed in the superior court of Cook county in February, 1933, returnable on March 6, 1933. Prior to March 2, 1933, summons in said suit had been delivered to Mr. Jones of Jones & Key by Mr. Bowles of Marsh & McLennan.

It further appears that on March 2, 1933, Mr. Jones wrote a letter to Marsh & McLennan, inclosing a nonwaiver agreement advising Marsh & McLennan that he had the summons which was returnable March 6, 1933, and stating that their home office advises them that the assured has never made a report of this accident, and that before they can enter the appearance of the assured and give the suit the proper attention at this time, it will be necessary for the assured and Wm. L. Clark, the other defendant and an employee of the assured, to sign the inclosed nonwaiver agreement. Of this nonwaiver agreement Mr. Jones said in a letter:

"You will note that this nonwaiver agreement does not change the status of the relationship between the

company and the assured at all but the company by entering the appearances of the defendants and giving the suit the necessary attention *at this time,* does not waive any of its rights to disclaim liability, because of the failure of the assureds to make a report of this accident, if, after investigation they decide to do so.''

The nonwaiver agreement, which was inclosed in the letter addressed to Marsh & McLennan was a printed form furnished by Jones & Key with the blanks filled in to suit this case and consisted of two paragraphs, the first of which is set out for the attention of this court by appellant. The second paragraph reads as follows:

''It is the intention of this agreement to preserve all of the rights of the parties hereto and to provide for an investigation of the loss and the amount thereof without in any way affecting, impairing or adding to the liability of the Company under said policy, or waiving any of its rights thereunder, and no act of the Company shall be construed as an admission of its liability.''

This nonwaiver, which was inclosed in a letter from Mr. Jones, was received on March 3, 1933, by Marsh & McLennan; was signed on that date by Mr. Corbett for The Club Aluminum Company, witnessed by Mr. Leyden of Marsh & McLennan, and returned to Mr. Jones, who signed it on behalf of the Insurance Company.

It also appears from the facts that Mr. Jones thereafter entered his firm's appearance in the injury suit as attorney for the assured, The Club Aluminum Company, filed pleas in its behalf, and began an investigation of the facts concerning the injury. A trial was had, and, upon the verdict of the jury, judgment was entered for $10,000 and costs. On March 7, 1933, apparently at the request of Mr. Jones, Marsh & McLennan wrote a letter to Mr. Jones enclosing Plaintiff's Exhibits 12, 13, 14 and 15, from which it appears that it was the contention of the assured that notice had been given to Hodgkinson & Durfee on May 7, 1931.

It further appears that the defendant garnishee, through its agents, made an investigation of the facts surrounding the accident, and the investigator examined the files of the Zurich Insurance Company, which company was interested in the litigation, and also examined the files of the coroner's record of the inquest.

The plaintiff contends that at no time did the insurance company deny liability under the policy of insurance for failure to give notice, but assumed the defense of said injury suit and insisted that its assured co-operate with it in the defense of said suit.

The defendant garnishee answers, however, that no notice of the accident was given to it, as required by the terms of the policy; that the notice of this accident given to defendant, was, in fact, received almost two years after the accident occurred, when Frazier filed suit against The Club Aluminum Company. The plaintiff in this action did offer evidence that The Club Aluminum Company notified Messrs. Marsh & McLennan, its insurance agent, of the accident which occurred on May 5, 1931, by which Frazier was injured through the negligent operation of an automobile by this company. The insurance agent, in turn, prepared a letter to that effect, and the evidence tends to establish that the letter was deposited for the purpose of delivery through the Clearing House System, which was operated for the delivery of letters to the Insurance Company and agents, tenants of the Insurance Exchange, a large office building located in Chicago.

The unfortunate feature of this case is that the defendant's agent, tenants in the same building, ceased business, and as admitted by the agent, the files of all claims pending during the time it is claimed this defendant was notified, were destroyed. Under the circumstances, the only proof existing is a carbon copy of the letter prepared by Marsh & McLennan, agents for The Club Aluminum Company. It will not be necessary to repeat the facts above stated in the opinion.

It is to be noted that the defendant does not make the point that the letters delivered under the system in vogue was not binding. If the practice was followed by the agents of both parties, then we will assume that the court had before it sufficient evidence to warrant the assumption that the notice was delivered. During a period of several years, the defendant in this action did not, in fact, disclaim liability for want of notice until the trial to recover by the original plaintiff was instituted. The defendant contends that by agreement between The Club Aluminum Company and the defendant insurance company, the defendant did not waive any of its rights under the insurance policy by having its attorney appear and defend in the original action for damages. It is rather unusual that during this period of time the defendant failed to deny liability for want of notice, even when in the original action the attorney for the defendant appeared and acted for The Club Aluminum Company. However, as we have indicated, the evidence before the court was sufficient to establish that the defendant had received notice.

It is contended that when the defendant's attorney was called by the plaintiff in this action, under ch. 37, ¶ 421, § 33, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 108.056 the court erred in allowing examination of the witness as if under cross-examination. An attorney appearing for parties may be called as a witness for the adverse party for the purpose of proving facts that are not of a confidential disclosure between an attorney and a client. The only time our courts have criticized an attorney appearing in a case has been when the attorney takes the witness stand to testify for and on behalf of his client.

The fact that the plaintiff was seeking to establish by this witness was receipt of notice by him for his client in order to qualify certain copies of notice offered in evidence. This examination while not strictly admis-

sible under this section was not such error as would justify a reversal of the judgment. There is sufficient evidence in the record, however, to justify the court in admitting the notice. *Kreiling v. Nortrup,* 215 Ill. 195.

We have considered the questions properly before the court. Plaintiff's contention that the record was not properly before the court we have disregarded, since the portion of the record regarded as material was subsequently furnished by the plaintiff for the benefit of the court.

The judgment is affirmed.

*Judgment affirmed.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.